835 F.2d 875
 24 Fed. R. Evid. Serv. 423
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
H. Allan SCHIFFERLI, D.M.D., Defendant-Appellant.
 No. 87-5534.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 6, 1987.
Decided Dec. 11, 1987.
 
 Theodore Ira Brenner; James S. Yoffy (John E. Lichtenstein; Bremner, Baber & Janus, on brief), for appellant.
 Marvin Jennings Caughman, Assistant United States Attorney (Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The appellant, a practicing dentist, was convicted of obstruction of justice in violation of 18 U.S.C. 1503, of conspiracy to illegally distribute and dispense certain prescription drugs in violation of 21 U.S.C. 846, and of 225 substantive counts of illegally distributing and dispensing quantities of controlled substances in violation of 21 U.S.C. 841(a)(1) and 845(a).
 
 
 2
 He claims error because of the admission into evidence of a summary chart prepared by the United States Attorney's office. This chart set forth the date of the prescription, the name of the individual appearing on the written prescription, the drug covered by the prescription, the pharmacy that filled the prescription, and the defendant's name as the person issuing the prescription. A copy of this summary sheet was given to defense counsel prior to trial. There has been no challenge to the accuracy or the authenticity of the information summarized on the chart. The trial judge properly instructed the jury that the individual prescriptions were the evidence, and if there was a question about anything on the chart, such question must be resolved by reference to the individual prescription; and that the chart was merely an aid to the jury in handling the numerous transactions in the multi-count indictment.
 
 
 3
 Fed.R.Evid. 1006 provides for the use of summaries and charts in handling voluminous records, and in U.S. v. Dorta, 783 F.2d 1179, 1183 (4th Cir.1983) we held that admission of such charts or summaries was a matter committed to the discretion of the trial judge. We find no abuse of such discretion on the present facts.
 
 
 4
 At the beginning of trial it was agreed among counsel and the court that it would be helpful if each juror was supplied a copy of the indictment, and this was done. At the conclusion of the evidence the judge struck certain overt acts and other charges from the indictment, and in doing so he stated that there was no evidence or no testimony to support such charges. Appellant did not object at the time of such action, but he now claims that the judge's statement that there was no evidence to support certain charges would be interpreted by the jury to mean that the judge thought there was evidence to support the remaining charges and counts which had not been stricken.
 
 
 5
 Since there was no objection at the time of the judge's comment, this issue has been waived unless it is found to be "plain error" or a defect "affecting substantial rights" of the defendant under Fed.R.Crim.P. 52(b). Such a statement neither prejudices or helps the accused nor the government. It is neutral and does not interfere with the jury's responsibility to ascertain the truth.
 
 
 6
 AFFIRMED.